■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO SAMUELS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Naro, J.), rendered April 19, 1982, convicting him of rape in the first degree, sodomy in the first degree (two counts), robbery in the first degree (two counts), and criminal use of a firearm in the first degree (two counts) under indictment No. 3256/80, upon a jury verdict, and imposing concurrent indeterminate terms of imprisonment of 12½ to 25 years on each count, and (2) a judgment of the same court (Calabretta, J.), rendered November 22, 1982, convicting him of rape in the first degree, sodomy in the first degree, robbery in the second degree (two counts), and criminal use of a firearm in the first degree (two counts), under indictment No. 3261/80, upon a jury verdict, and imposing four concurrent indeterminate terms of imprisonment of 12½ to 25 years, and two concurrent indeterminate terms of imprisonment of 5 to 15 years. The appeals bring up for review the denial (Balbach, J.) of that branch of defendant's omnibus motion which was to suppress inculpatory statements he made to law enforcement

officials and property seized from his person as the fruits of an illegal arrest.

Ordered that the judgment under indictment No. 3256/80 is modified, on the law, by reducing the minimum terms of imprisonment imposed on defendant's convictions of rape in the first degree and sodomy in the first degree (two counts) from 12½ years to 8⅓ years; as so modified, that judgment is affirmed; and it is further,

Ordered that the judgment under indictment No. 3261/80 is modified, on the law, by reducing the minimum terms of imprisonment imposed on the defendant's convictions of rape in the first degree and sodomy in the first degree from 12½ years to 8⅓ years; as so modified, that judgment is affirmed.

Contrary to the defendant's contentions, we find that the actions of the police in effectuating his arrest were reasonable and based upon probable cause to believe he had committed a crime (see generally, People v Brnja, 50 NY2d 366; People v Reynolds, 104 AD2d 611). Proof of the defendant's guilt of the crimes charged in both cases, both direct and circumstantial, was overwhelming and the verdict of each jury was clearly based on a reasonable view of the evidence.

We find no error in the procedure permitted during the trial of indictment No. 3256/80 of having the defendant stand and approach the complainants who stated that, although the perpetrator wore a stocking mask partially covering his face during the incident, they recognized defendant's eyes and mouth as those of their assailant. There had been no prior out-of-court identification procedure which might have tainted the in-court identifications (CPL 710.20) and any suggestiveness in the in-court procedure was pointed out to the jury. In any event, in view of the strong circumstantial evidence of the defendant's guilt and his oral confession, there was no serious identification issue, and the error, if any, was harmless (see, People v Crimmins, 36 NY2d 230, 238; People v James, 100 AD2d 552, 553).

We do not agree with the defendant's contention that he was unduly prejudiced by the prosecutor's introduction of other crimes committed by the defendant. The court was careful to instruct the prosecutor and his witnesses not to mention other crimes or dates, and upon a minor breach of the instruction, gave a prompt curative instruction.

Finally, the sentence imposed under each of the judgments herein must be modified since neither rape in the first degree nor sodomy in the first degree is an armed felony offense as

defined in CPL 1.20 (41). The minimum term for those offenses, therefore, cannot exceed one third of the maximum *(see,* Penal Law § 70.02 [4]). In all other respects, however, we deem the sentences imposed to have been appropriate and proper. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.