■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MERCED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 27, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's claim that his right to a fair trial was compromised by the trial court's ruling that a witness who had not participated in any pretrial identification proceedings would be permitted to make an in-court identification of him. The trial court rejected the defendant's arguments that preclusion of the identification was the only appropriate remedy and presented him with several alternative procedures. The defendant nevertheless adhered to his preclusion argument and opted for the traditional in-court identification. The defendant's rejection of the court's suggestions appears to have been a strategic maneuver designed to foster his misidentification argument to the jury. Indeed, the defense counsel thoroughly explored the weaknesses in the witness's testimony during cross-examination and presented those issues to the jury during his summation (see, People v Samuels, 133 AD2d 785; People v Simpson, 125 AD2d 347, lv denied 69 NY2d 886). The defendant should not, therefore, now be heard to complain about his choice. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.