■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BRADLEY, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Deeley, J.), rendered March 9, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of a fair trial by the trial court's ruling that a witness who had not participated in any pretrial identification proceedings would be allowed to make an in-court identification of him. Although the defendant requested that he be permitted to participate in a lineup before this witness took the stand, the trial court did not improvidently exercise its discretion in denying his application. A criminal defendant does not have a constitutional right to participate in a lineup whenever he requests one *(see, United States v Williams,* 436 F2d 1166, 1168-1169, *cert denied* 402 US 912; *People v Simpson,* 125 AD2d 347).* In any event, the defendant's application to participate in a lineup, which was brought in the middle of the trial, was untimely *(see, United States v Archibald,* 734 F2d 938, *mod on other grounds* 756 F2d 223). Moreover, the record establishes that the defense counsel fully explored the weaknesses in the witness's testimony during cross-examination, and argued each one to the jury during his summation *(see, People v Merced,* 137 AD2d 562; *People v Samuels,* 133 AD2d 785; *People v Simpson, supra).* The record further indicates that at no time did the defense counsel suggest any alternative in-court identification procedure, such as having the defendant seated in the spectators' section of the courtroom among other individuals of the same general appearance, which would have been less suggestive under the circumstances *(see, People v Simpson, supra; cf., United States v Archibald, supra).* In any event, in view of the overwhelming evidence of guilt presented through the testimony of the complainant, any error in this regard was harmless beyond a reasonable doubt *(see, People v Samuels, supra; People v Simpson, supra).*

The defendant's remaining contentions are unpreserved for appellate review. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.