■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER LEROY JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillary, J.), rendered July 15, 1988, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was deprived of a fair trial where the complaining witness, who had not participated in any pretrial identification procedure, identified him for the first time at trial. We find this argument unpersuasive. A defendant does not have a constitutional right to a lineup *(United States v Brown,* 699 F2d 585, 593 [2d Cir 1983]; *People v Simpson,* 125 AD2d 347, 348). The record indicates that defense counsel did not inquire as to the possibility of alternative in-court identification procedures and proceeded to explore the weaknesses in the witness's identification on cross-examination and argue them on summation. Moreover, the inherent suggestiveness of such a procedure was brought to the jury's attention *(see, People v Bradley,* 154 AD2d 609; *People v Merced,* 137 AD2d 562).

The defendant's contention that the trial court erred in allowing the testimony of a police officer who had identified him at a confirmatory showup in the absence of notice to him pursuant to CPL 710.30 is unpreserved for appellate review (CPL 470.05 [2]). In any event, the showup occurred within

minutes of the defendant's arrest and shortly after the officer had terminated his pursuit. Thus, it merely served to confirm that the right person was arrested and was not an identification procedure within the intendment of the statute (see, People v Duffy, 152 AD2d 704; see also, People v Wharton, 74 NY2d 921; People v London, 160 AD2d 734; cf., People v Newball, 76 NY2d 587).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.