■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DUENO, Appellant. [611 NYS2d 15] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered September 11, 1991, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court should have precluded identification testimony by Police Officer Pierson because the People failed to provide notice pursuant to CPL 710.30 (1) (b) that the officer had previously identified the defendant. This issue arose at trial during Pierson's direct testimony, when defense counsel objected to the officer's in-court identification of the defendant and moved to preclude such identification testimony on the ground that no CPL 710.30 notice was served. In response, the trial court held a hearing which was limited to the issue of whether there was

an out-of-court identification of the defendant by the officer for which notice was required to be served. In view of the limited nature of the hearing and that the defendant initially moved to preclude identification testimony, we reject the People's argument that the defendant waived his claim of lack of notice by participating in the hearing (see, People v Bernier, 73 NY2d 1006; CPL 710.30 [3]).

According to Pierson's hearing testimony, he arrived at an apartment building on a sunny, August morning within minutes of an emergency 911 telephone call. From a courtyard in the rear of the building, Pierson saw the defendant on the fourth floor landing of a fire escape. Pierson clearly saw the defendant's face as the defendant climbed down the fire escape to the third floor landing. Upon observing the police, the defendant went back up the fire escape and into a fourth floor apartment window. After Pierson had relayed a description of the defendant over his radio, he received a description of an individual being held by other officers at the scene. Pierson entered the building lobby where he saw the defendant with two officers, and he informed the officers that the defendant was the person he had seen on the fire escape. Approximately four to five minutes elapsed between the time Pierson saw the defendant on the fire escape and in the lobby. At the conclusion of the hearing, the trial court found that Pierson's viewing of the defendant in the lobby was confirmatory and therefore the People were not required to serve a CPL 710.30 notice.

We agree with the trial court that, under these circumstances, no CPL 710.30 notice was required to be served upon the defendant. As Pierson was assisting in the apprehension of a suspect during the commission of the crime, we find that his statement to his fellow officers that this was the person he had just seen on the fire escape did not constitute a previous identification within the intent of the statute (see, People v Gissendanner, 48 NY2d 543). Even if Pierson's statement could be considered a "police arranged" identification procedure, it was clearly confirmatory. The identification was sufficiently contemporaneous to the arrest to constitute "the ordinary and proper completion of an integral police procedure" (People v Wharton, 74 NY2d 921, 922-923), and its purpose was merely to confirm that the correct person was arrested (see, e.g., People v Martinez, 201 AD2d 671; People v Jackson, 167 AD2d 420; People v Duffy, 152 AD2d 704). Accordingly, the court did not err in denying the defendant's motion to preclude Pierson's in-court identification testimony.

We further find that the sentence imposed upon the defendant was not unduly harsh or excessive.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or meritless. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.