■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MEDINA, Appellant. [617 NYS2d 491] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 25, 1989, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Egitto, J.), of the branch of the defendant's omnibus motion which was to preclude the admission of identification testimony.

Ordered that the judgment is affirmed.

On November 20, 1981, the defendant was convicted, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree. The codefendant, Stephen Cruz, was convicted of murder in the second degree and robbery in the first degree. In 1984, Cruz's conviction was reversed by this Court because the prosecutor in his opening statement referred to the testimony of a witness who never testified at trial *(People v Cruz,* 100 AD2d 882). In 1986, the defendant's conviction was also reversed by this Court in *People v Medina* (122 AD2d 80) for the reasons stated in *Cruz.* Prior to Cruz's retrial he moved to suppress certain in-court identification testimony. The hearing court (Goldman, J.), held that the in-court identification of Cruz was unduly suggestive and suppressed the testimony. Subsequently, Cruz pleaded guilty to robbery in the first degree.

Prior to the defendant's second trial, he made a similar motion to suppress, arguing that the decision in Cruz's case should be given collateral estoppel effect. The hearing court (Egitto, J.), denied the motion, stating that the in-court identification was not unduly suggestive and that the *Cruz* decision could not be given collateral estoppel effect.

During the second trial, the trial court granted the defendant's motion for a mistrial after the People's summation because of improper statements made by the prosecutor during summation. On September 25, 1989, after a third jury trial, the defendant was convicted of murder in the second degree, and robbery in the first degree. The defendant appeals from this conviction.

The defendant contends that double jeopardy principles barred his third trial because his motion for a mistrial at the second trial was provoked by deliberate prosecutorial misconduct. We find, however, that on the record presented, there is no evidence that the prosecutor intended to provoke a mistrial *(see, Oregon v Kennedy,* 456 US 667, 679; *People v Russell,* 199 AD2d 345; *People v Sorenson,* 118 AD2d 607; *People v Perez,* 169 AD2d 654; *People v Copeland,* 127 AD2d 846).

The defendant also contends that the trial court erred in refusing to suppress the in-court identification, especially in light of the decision in the *Cruz* case. Initially, we find that the in-court identification complained of was not unduly suggestive. As a general rule, a criminal defendant does not have a constitutional right to participate in a lineup *(see, United States v Williams,* 436 F2d 1166, 1168-1169, *cert denied* 402 US 912). In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because the defense counsel is able to explore weaknesses and suggestiveness of the identification in front of the jury *(see, People v Bradley,* 154 AD2d 609, 610; *People v Jackson,* 167 AD2d 420). We note that the defense counsel failed to request alternative in-court identification procedures *(see, People v Jackson, supra).* We also find that the hearing court properly refused to give collateral estoppel effect to the prior suppression decision. The People did not have a full and fair opportunity to litigate the suppression order in Cruz's case because they had no opportunity to appeal the erroneous decision *(see,* CPL 450.50; *People v Aguilera,* 82 NY2d 23; *People v Goodman,* 69 NY2d 32, 37; *see also, People v McIntosh,* 80 NY2d 87; *Matter of Forte v Supreme Ct.,* 48 NY2d 179).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.