■ The People of the State of New York, Respondent, v Juan Ortiz, Appellant. [628 NYS2d 657] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered September 17, 1992, convicting defendant, after jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12¹/₂ to 25 years and 7¹/₂ to 15 years, respectively, unanimously affirmed.

The trial court's denial of defendant's motion for a mistrial based on a police witness' inadvertent reference to discussion of other robberies with defendant was a proper exercise of discretion (*see, People v Ortiz*, 54 NY2d 288, 292), particularly in light of the court's finding of no bad faith on the part of the prosecutor and its prompt curative instructions to the jury, as well as the defense suggestion to the jury, in opening and during cross-examination, that defendant's actions should be evaluated in the context of a "crusader" against improper public conduct.

Reviewing the hearing and trial record without the benefit of additional background facts that might have been developed had an appropriate postjudgment motion been made pursuant to CPL 440.10 (*People v Love*, 57 NY2d 998, 1000), there is no basis to find that defendant's trial counsel was ineffective (*People v Baldi*, 54 NY2d 137). Rather, the available record indicates that defendant's counsel made appropriate pretrial motions that resulted in the granting of suppression hearings;

vigorously cross-examined the People's witnesses both at the suppression hearings and at trial; and in the face of overwhelming evidence, offered a consistent defense through an opening statement, cross-examination and summation, namely, that defendant, as evidenced by the conflicting testimony of the complainant and the police witnesses, did not intend to permanently deprive the complainant of his property. In this connection, defendant's claim that his counsel failed to recognize "an obvious statement notice issue" overlooks that statement notice requires merely the substance of a statement and not a verbatim recital (CPL 710.30; *People v Perry*, 203 AD2d 131, *lv denied* 83 NY2d 970). Nor did defense counsel err in failing to request a reopening of the *Wade* hearing following the complainant's testimony that the police asked him to view a lineup because "they had arrested the assailant or whatever". Merely notifying a witness that a lineup contains a suspect does not contaminate the identification (*People v Rodriguez*, 64 NY2d 738, 740). Further, a review of the lineup photograph confirms the hearing court's determination that the lineup was fairly constituted, based upon the complainant's description of a heavy-set, light-skinned black man (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). In this connection, defendant's claim that because he is Hispanic, the complainant's description of him was inaccurate, neglects the fact that only the ethnic distinction was inaccurate, but not the actual description.

Similarly, defense counsel was not obligated to move to reopen the *Huntley* hearing when a police witness testified that after *Miranda* warnings were administered to defendant, and after some pedigree questioning, defendant said that he did not wish "to talk about any Manhattan robberies at this time". The witness gave the same testimony at the suppression hearing, and also testified at the hearing that when defendant was returned to the interview room, he "immediately" began to tell the officer about the robberies. Thus, no new evidence was elicited at trial that would have called for a motion to reopen the *Huntley* hearing.

Because the trial court's jury charge on reasonable doubt, taken as a whole, properly placed the burden of proof on the People, defendant's current claim of error regarding one phrase within the charge is unpreserved by appropriate and timely objection (*People v Thomas*, 50 NY2d 467, 472). In any event, the charge, viewed as a whole, did not improperly impose upon the jurors a duty to articulate the reasons for any doubt, but merely defined "the degree of clarity and coherence of thought

necessary for the jurors to conclude they harbor a reasonable doubt" (*People v Antommarchi*, 80 NY2d 247, 251).

We perceive no abuse of discretion in sentencing. Concur— Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.