■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SCAFIDI, Appellant. [631 NYS2d 186] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Mastro, J.), rendered June 3, 1993, convicting him of manslaughter in the first degree under Indictment No. 7433/92, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 3, 1993, revoking a sentence of probation previously imposed by the same court (Jones, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree under Indictment No. 13366/90.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the waiver of the defendant's right to be present at side-bar conferences during jury selection was knowing, intelligent, and voluntary *(see, People v Epps,* 37 NY2d 343, 349-350, *cert denied* 423 US 999; *People v Underwood,* 201 AD2d 597).

There is no merit to the defendant's contention that the trial court erred by permitting a witness who had not previously identified the defendant to identify him in court. The defendant's counsel cross-examined the witness and explored the weaknesses and suggestiveness of his in-court identification *(see, People v Medina,* 208 AD2d 771, 772; *People v Bradley,* 154 AD2d 609, 610).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or do not require reversal. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.