■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALEXANDER, Appellant. [643 NYS2d 141] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered February 14, 1994, convicting him of burglary in the first degree (two counts), rape in the first degree (two counts), robbery in the first degree (two counts), sexual abuse in the first degree (two counts), assault in the second degree, unlawful imprisonment in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversible error took place due to the Supreme Court's ruling that the complainant, who prior to trial had been unable to render a positive identification of the defendant, would be permitted to make an in-court identification. However, the defendant's contention is without merit because in such instances defense counsel is able to explore before the jury any weakness or suggestiveness in the identification procedure (see, *People v Medina,* 208 AD2d 771; *People v Jackson,* 167 AD2d 420). The complainant's prior fail-

ure to positively identify the defendant in a photographic array related to the weight, and not the admissibility, of the identification testimony (*see, People v Finley*, 190 AD2d 859).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.