THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant. [644 NYS2d 976]

Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MORALES, Appellant. [644 NYS2d 976]

"In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because the defense counsel is able to explore weaknesses and suggestiveness of the identification in front of the jury (*see, People v Bradley*, 154 AD2d 609, 610; *People v Jackson*, 167 AD2d 420)" (*People v Medina*, 208 AD2d 771, 772). Accordingly, we reject the defendant's contention that the in-court identifications violated his right to due process. Further, the court's denial of the defendant's request for a *Wade* hearing was proper because the witness' pretrial identification of the defendant from a photograph in a local newspaper was not a police-arranged procedure (*see, People v Bello*, 219 AD2d 657; *People v Fuller*, 185 AD2d 446; *People v Pauley*, 125 AD2d 341; *People v Marshall*, 91 AD2d 643, 644).

The defendant's remaining contentions are without merit. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.