■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ZANGHI, Appellant. [684 NYS2d 804] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]) and other related crimes, defendant contends that County Court erred in failing to conduct an inquiry to determine whether the jurors were influenced by news articles concerning defendant that were published during the trial. Defendant failed to object to the jury charge concerning those articles, however, and the issue therefore is not preserved for our review (*see, People v Albert*, 85 NY2d 851, 852; *People v Santiago*, 52 NY2d 865, 866; *see also, People v James*, 244 AD2d 504). The court properly denied defendant's motion for a mistrial because of remarks by a juror and a prosecution witness concerning the fact that defendant had a criminal history. The information was volunteered, and the remarks were not made in response to an inquiry by the prosecution (*see, People v Holton*, 225 AD2d 1021, *lv denied* 88 NY2d 986; *see also, People v Ortiz*, 216 AD2d 164, *lv denied* 86 NY2d 799).

The court did not err in denying defendant's challenge for cause to a prospective juror who expressed reservations about missing work and a general negative sentiment regarding the criminal justice system but who also indicated that he would follow the court's instructions (*see, People v Baskett*, 250 AD2d 774). Upon our review of the voir dire transcript, we conclude that the prospective juror did not evince a state of mind that would likely preclude him from rendering an impartial verdict based upon the evidence adduced at trial (*see,* CPL 270.20 [1] [b]; *People v Torpey*, 63 NY2d 361, 366, *rearg denied* 64 NY2d 885).

The court did not err in denying defendant's request to compel the prosecution to confer immunity on two potential defense witnesses. The refusal by the prosecution to confer immunity on those defense witnesses was not an abuse of discretion and did not deprive defendant of due process (*see,* CPL 50.30; *People v Owens,* 63 NY2d 824, 825-826; *People v Adams,*

53 NY2d 241, 247). The prosecution's case "was supported by substantial proof connecting defendant to the crime and was not built upon the testimony of immunized witnesses" (*People v Howard*, 151 AD2d 990, 991, *lv denied* 75 NY2d 771, citing *People v Adams, supra*). The court did not err in denying defendant's request to charge the jury that the two potential defense witnesses had invoked their Fifth Amendment privilege in place of the neutral charge that the witnesses were unavailable to testify. The charge requested by defendant would invite the jury to engage in unwarranted speculation concerning the nature of any criminal wrongdoing on the part of those witnesses and was therefore improper (*see, People v Thomas*, 51 NY2d 466, 473-474).

The contention of defendant that he should have been allowed to call the identifying witnesses at the *Wade* hearing is not preserved for our review (*see, People v Ford*, 188 AD2d 613, *lv denied* 81 NY2d 885). In any event, the testimony of those witnesses was not required because "the hearing evidence [did not raise] substantial issues as to the constitutionality of the lineup" (*People v Chipp*, 75 NY2d 327, 338, *cert denied* 498 US 833). There was no showing that the police photograph of defendant, which was shown to the identifying witnesses and later published in a local newspaper, was the result of any police misconduct (*see, People v Beaufort-Cutner*, 190 AD2d 992, 994, *lv denied* 81 NY2d 1011; *People v Brown*, 159 AD2d 411, 412, *lv denied* 76 NY2d 785).

The testimony concerning an incident that occurred prior to the shooting was admissible to establish defendant's motive for the shooting (*see, People v Alvino*, 71 NY2d 233, 241-242) and "to complete the narrative of events to assist the jury in its comprehension of the crime" (*People v Hamid*, 209 AD2d 716, 717, *lv denied* 87 NY2d 973; *see, People v Rodriguez*, 255 AD2d 908). Defendant was not denied effective assistance of counsel. Defendant was advised that his attorney had a potential conflict of interest, and defendant knowingly and voluntarily chose to continue to be represented by him (*see, People v Gomberg*, 38 NY2d 307, 313-314; *People v Miller*, 187 AD2d 930, 931). The court did not err in allowing a witness who had not previously participated in a pretrial identification procedure to make an in-court identification of defendant (*see, People v Merced*, 137 AD2d 562, *lv denied* 71 NY2d 971; *People v Simpson*, 125 AD2d 347, 348, *lv denied* 69 NY2d 886). Defendant was able to cross-examine that witness regarding the reliability of the identification (*see, People v Morales*, 228 AD2d 704, *lv denied* 88 NY2d 1070).

The court properly refused to admit the hearsay statement of a witness to the crime. The statement concerning the shooting, which was largely exculpatory, was not contrary to the declarant's penal interest (*see, People v Settles*, 46 NY2d 154, 167; *People v Raife*, 250 AD2d 864). In addition, there was insufficient evidence of reliability and trustworthiness to warrant admission of the statement into evidence (*see, People v Raife, supra; People v Campbell*, 197 AD2d 930, 931, *lv denied* 83 NY2d 850).

The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The evidence, which established that defendant fired shots at the victims, is legally sufficient to support the conviction of reckless endangerment in the first degree (*see, People v Chrysler*, 85 NY2d 413, 415). Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.