THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SHAHAB SULEMAN, Appellant. [692 NYS2d 404] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 13, 1998, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), reckless endangerment in the first degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the trial court that under the circumstances presented in this case, CPL 710.30 notice was not required to be served upon the defendant. While in pursuit of the defendant, Police Officer Michael Murphy observed him duck under a vehicle, heard metal hit the concrete, and then watched as he ran away. After recovering the metal object, which was a gun, Officer Murphy heard over his radio "We have him, We are outside". Officer Murphy walked over to hand his fellow officer the recovered gun, at which time he told the officer "that's the guy I got it from", indicating the defendant who was in the fellow officer's custody. We find that Officer Murphy's statement to his fellow officer "did not constitute a previous identification within the intent of the statute" (*People v Dueno,* 203 AD2d 476, 477). The identification was sufficiently contemporaneous to the arrest to constitute "the ordinary and proper completion of an integral police procedure" (*People v Wharton,* 74 NY2d 921, 922-923), and its purpose was merely to confirm that the correct person was arrested (*see, People v Jackson,* 167 AD2d 420, 421).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.