■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HINES, Appellant. [689 NYS2d 638] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered May 6, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion after the arresting officer testified that he believed additional drugs, which had never been recovered, had been secreted in a mailbox in the building where drugs were sold to the undercover officer. The reference was brief, there was no bad faith on the part of the prosecutor (*People v Ortiz*, 216 AD2d 164, *lv denied* 86 NY2d 799), and the court gave a curative instruction, which the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102, 1104).

Since defendant testified as to an alibi, he was not deprived of a fair trial when the prosecutor commented on his failure to call as witnesses any of the persons he claimed to have been with at the time of the crime (*People v Tankleff*, 84 NY2d 992, 994-995). In any event, the court issued a curative instruction that prevented the prosecutor's comment from having any

burden-shifting effect. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.