[759 NYS2d 268]

The People of the State of New York, Respondent, v
Michael C. Brazeau, Appellant.

Fourth Department, May 2, 2003

APPEARANCES OF COUNSEL

*Stephen J. Bird*, Rochester, for appellant.

*Michael C. Brazeau*, appellant pro se.

*Mathew J. Murphy, III, District Attorney*, Lockport *(Thomas H. Brandt* of counsel), for respondent.

**OPINION OF THE COURT**

PINE, J.P.

On appeal from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [2]) and assault in the second degree (§ 120.05 [6]), defendant contends, inter alia, that County Court erred in permitting the prosecutor to cross-examine him on his use of 26 aliases because he had not received notice of the People's intent to use such evidence to impeach him and the evidence had not been ruled admissible during the *Sandoval* conference. For the reasons that follow, we reject that contention.

■ The prosecutor and defendant, who was representing himself, agreed on a *Sandoval* compromise whereby the prosecutor would ask defendant if he had been convicted of "at least one felony." When the prosecutor began to cross-examine defendant about his name, defendant objected on the ground that the use of alias evidence had not been discussed during the limited *Sandoval* conference. The court, citing *People v Walker* (83 NY2d 455 [1994]), ruled that a pretrial determination of the admissibility of such evidence was not mandatory and permitted the prosecutor to ask defendant whether he had ever used a false name and, if so, how many times. In *Walker* (83 NY2d at 464 n 2), the Court of Appeals noted that the parties had chosen to litigate the admissibility of alias evidence in the context of a *Sandoval* hearing and thus the Court "ha[d] no occasion to consider whether a similar procedure is mandatory in all cases." We conclude that a similar procedure with respect to the use of alias evidence is not mandatory, and that

the trial court did not abuse its discretion in permitting the limited questioning at issue here.

"Defendants who take the stand, like all other witnesses, place their credibility in issue, and thus may be cross-examined" with respect to prior conduct that affects their credibility (*People v Bennett*, 79 NY2d 464, 468 [1992]). Prior to the Court of Appeals' decision in *People v Sandoval* (34 NY2d 371 [1974]), defendants had no right to an advance ruling on the scope of cross-examination. The right that has emerged from *Sandoval* and its progeny, i.e., the right to a pretrial ruling on the permissible scope of cross-examination concerning the prior "criminal, vicious or immoral acts" of defendants, is designed to safeguard the right of defendants to testify on their own behalf (*Sandoval*, 34 NY2d at 375). In *Sandoval* the Court noted, however, that the pretrial determination might not be necessary "in all cases" (*Sandoval*, 34 NY2d at 375), although it expressed a clear preference for advance rulings that has since become absolute, or nearly so, where evidence of criminal, vicious or immoral acts is concerned (*see id*; *see e.g. Bennett*, 79 NY2d at 468).

The reason for requiring a pretrial ruling on the admissibility of prior criminal, vicious or immoral conduct for impeachment purposes is the "particular prejudice" that such evidence may produce (*Walker*, 83 NY2d at 459). The " 'thrust of *Sandoval* is that * * * a jury may be led by such evidence * * * to infer criminal propensity' " (*id.*). That is not the case with alias evidence. In *Walker* the Court recognized the distinction between alias evidence, which "carries no additional implication other than the natural one of propensity for untruthfulness (provided, of course, that it is not used in such a way as to suggest the existence of otherwise unadmitted prior encounters with law enforcement authorities)," and prior crime evidence, and stated that "there is nothing inherent in alias evidence that suggests a need for extraordinary caution" (*id.* at 463). The Court thus determined that "no specialized treatment is required beyond the ordinary principles of common sense and fairness that typically inform trial court discretion" (*id.*).

We conclude that the admissibility of alias evidence to impeach a defendant need not be determined at a pretrial *Sandoval* hearing, and we further conclude that, under the circumstances of this case, the court did not abuse its discretion in permitting two limited questions about defendant's use of false names without the benefit of an advance ruling. "[T]he scope of cross-examination is within the sound discretion of the trial

court" (*People v Baker*, 294 AD2d 888, 889 [2002], *lv denied* 98 NY2d 708 [2002]; *see People v Snell*, 234 AD2d 986 [1996], *lv denied* 89 NY2d 1015 [1997]).

The further contention of defendant that he was entitled to notice of the alias evidence pursuant to CPL 240.43 is not preserved for our review because defendant failed to object to the questions concerning his use of aliases on that ground at trial (*see* CPL 470.05 [2]; *People v Hamilton*, 247 AD2d 630 [1998], *lv denied* 91 NY2d 1008 [1998]; *People v Locks*, 184 AD2d 374, 375 [1992], *lv denied* 80 NY2d 975 [1992]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

█ Contrary to the contention of defendant, the court did not err either in permitting the victim to identify him at trial or in denying his request for alternative identification procedures (*see People v Spirles*, 275 AD2d 980, 981-982 [2000], *lv denied* 96 NY2d 807 [2001]). "In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because [defendant] is able to explore weaknesses and suggestiveness of the identification in front of the jury" (*People v Medina*, 208 AD2d 771, 772 [1994], *lv denied* 84 NY2d 1035 [1995]; *see also People v Quinney*, 305 AD2d 1044 [2003]; *People v Morales*, 228 AD2d 704 [1996], *lv denied* 88 NY2d 1070 [1996]).

█ We further conclude that defendant was not denied a fair trial by a delay in disclosing alleged *Brady* material inasmuch as defendant received a meaningful opportunity to use that material at trial (*see People v Middlebrooks*, 300 AD2d 1142, 1143-1144 [2002]; *see also People v Cortijo*, 70 NY2d 868, 870 [1987]). Contrary to the further contention of defendant, he was not denied a fair trial by prosecutorial misconduct. Defendant failed to object to most of the challenged statements and thus failed to preserve his contentions with respect to those statements for our review (*see* CPL 470.05 [2]). In any event, although the prosecutor improperly stated that defendant "lied" to certain witnesses (*see People v Fiori*, 262 AD2d 1081 [1999]; *People v Dunn*, 158 AD2d 941 [1990], *lv denied* 76 NY2d 734 [1990]), that isolated statement was not so egregious as to deprive defendant of a fair trial (*see People v Rubin*, 101 AD2d 71, 77-78 [1984], *lv denied* 63 NY2d 711 [1984]; *see also People v Adams*, 247 AD2d 819, 820 [1998], *lv denied* 91 NY2d 1004, 1008 [1998]).

Defendant also failed to preserve for our review his contention that the court's initial charge to the jury was erroneous

(*see People v Procks,* 258 AD2d 951, 952 [1999], *lv denied* 93 NY2d 976 [1999]). In any event, we conclude that the charge as a whole adequately conveyed the appropriate standards to the jury (*see People v Adams,* 69 NY2d 805, 806 [1987]). We further conclude that the court gave a meaningful response to the jury's request for a readback of testimony (*see People v Murray,* 258 AD2d 936, 936-937 [1999], *lv denied* 93 NY2d 927 [1999]) and did not abuse its discretion in evaluating the jury's request and framing the response (*see People v Malloy,* 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]). The court also properly limited defendant's cross-examination of a prosecution witness to prevent the witness from rendering an opinion on ultimate issues of fact to be determined by the jury (*see generally People v Ciaccio,* 47 NY2d 431, 438-439 [1979]).

We have reviewed the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit.

Accordingly, we conclude that the judgment should be affirmed.

WISNER, KEHOE, BURNS and GORSKI, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.