■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEN K. MADISON, Appellant. (Appeal No. 1.) [778 NYS2d 593]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered April 3, 2001. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree (two counts), burglary in the second degree and robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of various crimes related to a home invasion robbery. As we previously determined in the appeals of defendant's two codefendants, the stop of the vehicle occupied by defendant and his two codefendants was proper (*People v Russ,* 300 AD2d 1031, 1032 [2002], *lv denied* 99 NY2d 632 [2003]; *People v Thompson,* 300 AD2d 1032, 1033 [2002], *lv*

*denied* 99 NY2d 620 [2003]). We reject defendant's contention that the indictment was not properly authenticated. Although the cover sheet of the indictment was not included in the record on appeal, we take judicial notice of it because it is a public record (*see People v Sanchez*, 98 NY2d 373, 401 n 13 [2002]). The cover sheet establishes that the indictment was properly authenticated (*see* CPL 200.50 [8]; *Brotherton v People*, 75 NY 159, 162 [1878]).

We further conclude that County Court properly denied the motion of defendant to suppress his statement to the police. In denying defendant's motion, the court credited the testimony of the police officers, and such credibility determinations will not be disturbed unless they are " 'clearly erroneous' " (*People v Evans*, 278 AD2d 937, 937 [2000], *lv denied* 96 NY2d 783 [2001]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the contention of defendant, the court did not err in denying his challenge for cause to a prospective juror who unequivocally stated that his daughter's friendship with one of the alleged victims would not affect the prospective juror's ability to keep an open mind (*see* CPL 270.20 [1] [b], [c]; *People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Horace*, 277 AD2d 957 [2000], *lv denied* 96 NY2d 784 [2001]).

Also contrary to defendant's contention, we conclude that the court properly allowed one of the alleged victims to identify defendant for the first time at trial. " 'In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because [defendant] is able to explore weaknesses and suggestiveness of the identification in front of the jury' " (*People v Brazeau*, 304 AD2d 254, 257 [2003], *lv denied* 100 NY2d 579 [2003], quoting *People v Medina*, 208 AD2d 771, 772 [1994], *lv denied* 84 NY2d 1035 [1995]). In addition, we conclude that the court properly admitted the physical items of evidence introduced by the People at trial. The testimony of the People's witnesses provided reasonable assurances of the identity and unchanged condition of those items, and any deficiencies in the chain of custody of those items went to the weight to be accorded those items, not their admissibility (*see People v Julian*, 41 NY2d 340, 343-344 [1977]).

Defendant's motion to dismiss at the close of the People's case was not specifically directed at the errors alleged on appeal, and defendant thus has failed to preserve for our review his present contention concerning the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient to

support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]) and that the sentence is not unduly harsh or severe. Finally, defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present— Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.