■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MAISONETTE, Appellant. [779 NYS2d 65]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered May 14, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly precluded defendant from introducing a store receipt offered to establish that he had bought groceries at a nearby store around the time of the drug sales at issue, since defendant did not lay any foundation for this hearsay document (*see People v Kennedy*, 68 NY2d 569 [1986]). The receipt was not self-authenticating and it did not show any connection to

defendant. Defendant's claim that the receipt should have been admitted as a matter of constitutional law is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no constitutional violation (*compare Chambers v Mississippi*, 410 US 284 [1973]). The unauthenticated document was unreliable, particularly as to whether it had any connection to defendant, and it was not critical to his defense, since it had minimal exculpatory value under the circumstances of the case. In any event, any error would be harmless in view of the overwhelming evidence of defendant's guilt.

The challenged portion of the People's summation did not deprive defendant of a fair trial. Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.