THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BOYER, Appellant. [789 NYS2d 45]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 26, 2002, convicting defendant, after a jury trial, of two counts of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life, unanimously affirmed.

A police officer's identification of defendant as the person he had been pursuing only moments before constituted a confirmatory identification that was exempt from the notice and hearing requirements of CPL article 710 (*People v James*, 220 AD2d 370 [1995], *lv denied* 88 NY2d 937 [1996]; *People v Dueno*, 203 AD2d 476 [1994]; *compare People v Newball*, 76 NY2d 587 [1990] [identification weeks after officer's initial viewing not confirmatory]).

The court properly precluded defendant from introducing a hearsay declaration by an unidentified witness. The declaration was not admissible as a present sense impression because the necessary verification and corroboration were lacking (*see People v Vasquez*, 88 NY2d 561, 574-576 [1996]). Since the declaration lacked sufficient indicia of reliability (*see People v Maisonette*, 8 AD3d 158 [2004], *lv denied* 3 NY3d 677 [2004]), the court properly rejected defendant's alternate argument that the declaration was admissible as a matter of due process (*see Chambers v Mississippi*, 410 US 284 [1973]). Furthermore, even if deemed reliable, this evidence had only minimal exculpatory value. To the extent that defendant is raising a claim under *Brady v Maryland* (373 US 83 [1963]), such claim is unpreserved and unavailing.

While some of the prosecutor's summation comments were inappropriate, we conclude that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence was triggered solely by his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Mazzarelli, J.P., Ellerin, Nardelli, Gonzalez and Catterson, JJ.