■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONEIL BROWN, Appellant. [793 NYS2d 270]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered March 22, 2004, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant pleaded guilty to one count of promoting prison contraband in the first degree in satisfaction of a two-count indictment and was thereafter sentenced to a prison term of $2^{1}/_{2}$ to 5 years. Defendant now appeals contending that the indictment must be dismissed because it was not signed by the grand jury foreperson as required by CPL 200.50 (8).

Initially, we note that because defendant failed to move to

dismiss the indictment on that ground, his contention is unpreserved and is "reviewable as of right only if the missing signature renders the indictment jurisdictionally defective" (*People v Stauber*, 307 AD2d 544, 545 [2003], *lv denied* 100 NY2d 599 [2003]; *see People v Iannone*, 45 NY2d 589, 600 [1978]). Notably, although the foreperson's signature was absent from the actual indictment document herein, the record reveals that the indictment was handed up as a packet with various notices. Attached to the packet was a backer describing the indictment by caption, indictment number and the charged offenses, which was signed by both the District Attorney and the grand jury foreperson. Although the absence of the foreperson's signature on the actual indictment may be a technical violation of the statute (*see* CPL 200.50 [8]), the indictment and the backer should be read "together as integral parts of the whole, rather than having them dissected by fallacious reasoning suggesting [that the] pages outlining the charges are separate and disassociated in context from the subject matter of the [backer]" (*People v Miller*, 75 Misc 2d 1, 3 [1973]). Moreover, the record contains a sworn affidavit, signed by the grand jury foreperson, stating that the grand jury met and voted true bills, which is sufficient to establish that the indictment was properly authenticated (*see People v Madison*, 8 AD3d 956 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Stauber, supra* at 545; *see also Brotherton v People*, 75 NY 159, 162 [1878]). Accordingly, we find no basis to dismiss the subject indictment.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.