People v Morris (2018 NY Slip Op 03178)





People v Morris


2018 NY Slip Op 03178


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

108490

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
QURON MORRIS, Appellant.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Barrett D. Mack, Albany, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered October 8, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In satisfaction of a four-count indictment and in exchange for assurance that he would be sentenced to no more than seven years in prison and three years of postrelease supervision, defendant waived his right to appeal and pleaded guilty to one count of attempted criminal possession of a controlled substance in the third degree. Supreme Court sentenced defendant, as a second felony offender, to the maximum prison term of seven years, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Defendant initially contends that the indictment must be dismissed because it was not signed by the grand jury foreperson as required by CPL 200.50 (8). However, because defendant did not move to dismiss the indictment and waived his right to appeal as part of his plea, this issue "is unpreserved and is reviewable as of right only if the missing signature renders the indictment jurisdictionally defective" (People v Brown, 17 AD3d 869, 870 [2005] [internal quotation marks and citation omitted]; see People v Iannone, 45 NY2d 589, 600 [1978]). The record reveals that the face of the indictment is signed by the presenting Assistant District Attorney, and the accompanying backers for each count of the indictment are signed by both the Assistant District Attorney and the grand jury foreperson. "Viewing these documents together as integral parts of the whole" (People v Striplin, 48 AD3d 878, 879 [2008], lv denied 10 NY3d 871 [2008]), we are satisfied that the requirements of CPL 200.50 (8) have been met (see People v [*2]Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]; People v Burch, 97 AD3d 987, 988 [2012], lv denied 19 NY3d 1101 [2012]; People v Brown, 17 AD3d at 870).
Defendant also claims that his plea was not knowing, intelligent and voluntary because Supreme Court did not advise him that his driving privileges would be temporarily suspended as part of his sentence (see Vehicle and Traffic Law § 510 [2] [b] [v]). Although this argument survives his appeal waiver, it is unpreserved for our review absent record evidence of an appropriate postallocution motion (see People v Shaw, 157 AD3d 1138, 1140 [2018]; People v Sumter, 157 AD3d 1125, 1125 [2018]). Were we to reach this issue, we would find it unavailing inasmuch as "the suspension of his driver's license was a collateral consequence of [his] guilty plea and the failure to disclose this consequence during the plea colloquy [would] not warrant vacatur of the plea" (People v Williams, 150 AD3d 1549, 1551 [2017]; see People v Peque, 22 NY3d 168, 185 [2013]). Finally, defendant's claim that the sentence imposed is harsh and excessive is foreclosed by his unchallenged appeal waiver (see People v Dorsey, 148 AD3d 1352, 1352 [2017], lv denied 29 NY3d 1031 [2017]; People v Smalls, 128 AD3d 1281, 1282 [2015], lv denied 27 NY3d 1006 [2016]).
Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.