People v Morales (2019 NY Slip Op 07795)





People v Morales


2019 NY Slip Op 07795


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-03626
 (Ind. No. 3120/12)

[*1]The People of the State of New York, respondent,
v
Manuel Morales, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Rachel L. Pecker of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Hannah X. Scotti, and Danielle O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.), rendered April 15, 2015, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's due process rights were not violated when the Supreme Court permitted a witness to make a first-time, in-court identification during trial. In cases where there has been no pretrial identification procedure or the witness is unable to render a positive identification of the defendant, and the defendant is identified in court for the first time, "the defendant is not deprived of a fair trial because the defense counsel is able to explore weaknesses and suggestiveness of the identification in front of the jury" (People v Medina, 208 AD2d 771, 772; see People v Lombardo, 151 AD3d 887, 888; People v Alexander, 227 AD2d 498, 498-499). Here, defense counsel challenged the witness's testimony during cross-examination by eliciting that the witness saw the perpetrator for only two or three seconds, and that the in-court identification was being made four years after the incident. Further, defense counsel discussed those weaknesses during summation. Moreover, the defendant's challenge to the reliability of this evidence related to the weight to be afforded such evidence by the jury and not to its admissibility (see People v Lombardo, 151 AD3d at 888).
The defendant's contention that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence records of a DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York is unpreserved for appellate review, since defense counsel did not object to the admission of either the records or the accompanying testimony on the basis that their admission violated the Confrontation Clause (see CPLR 470.05[2]; People v Walters, 172 AD3d 916, 917; People v Davis, 171 AD3d 1209). In any event, the defendant's contention is without merit. The testifying criminalist indicated that she generated a DNA profile, independently analyzed raw data, and compared the DNA profile she generated with a buccal swab taken from the defendant, such that she was not functioning merely as "a conduit for the conclusions [*2]of others" (People v Austin, 30 NY3d 98, 105 [internal quotation marks omitted]; see People v Lebron, 171 AD3d 1092, 1093; People v Clinkscales, 171 AD3d 1086, 1087).
We agree with the Supreme Court's determination to allow admission of a recording of a telephone call the defendant made to his wife while he was incarcerated at Rikers Island because the statements on the recording were admissible as adoptive admissions (see People v Campney, 94 NY2d 307, 311-312).
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court