People v Jackson (2021 NY Slip Op 03288)





People v Jackson


2021 NY Slip Op 03288


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Gische, Webber, Scarpulla, JJ. 


Ind No. 2872/12 2872/12 Appeal No. 13909 Case No. 2015-944 

[*1]The People of the State of New York, Respondent,
v
Ronald Jackson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered April 8, 2014, convicting defendant, after a jury trial, of auto stripping in the first degree, criminal mischief in the third degree (six counts), criminal mischief in the fourth degree (three counts), and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of 12 to 24 years, unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, the conviction on count four (criminal mischief in the third degree) vacated, that count dismissed, the auto stripping count reduced to auto stripping in the second degree, and the matter remanded for a new trial on that count and the remaining counts.
Defendant's waiver of his right to counsel was invalid, because the record "does not sufficiently demonstrate that defendant was aware of his actual sentencing exposure" (People v Rodriguez, 158 AD3d 143, 152 [1st Dept 2018], lv denied 31 NY3d 1017 [2018]). "The critical consideration is defendant's knowledge at the point in time when he first waived his right to counsel"; the court's subsequent warnings about sentencing "were incapable of retrospectively 'curing' the . . . court's error" (People v Crampe, 17 NY3d 469, 483 [2011], cert denied sub nom. New York v Wingate, 565 US 1261 [2012]). Statements made in court more than four months before the waiver, and at defendant's arraignment more than a year before the waiver, also did not adequately apprise defendant of his sentencing exposure. Moreover, the court "improperly granted defendant's request to proceed pro se without first conducting a searching inquiry regarding defendant's mental capacity to waive counsel" (People v Zi, 178 AD3d 591, 591 [1st Dept 2019], lv denied 35 NY3d 1117 [2020]), in light of his history of mental illness, as well as his statement, in response to the court's reference to the "tremendous pitfalls of representing yourself," that "[n]one of that has been explained," even after the court had warned him of a number of such risks.
Defendant's conviction of third-degree criminal mischief as to one of the vehicles he damaged (count four), and his conviction of first-degree auto stripping, were unsupported by legally sufficient evidence (a claim we review in the interest of justice), and were also against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The People failed to establish that particular charge of criminal mischief because the evidence did not show that "the reasonable cost of repairing the damaged property" (People v Garcia, 29 AD3d 255, 263 [1st Dept 2006], lv denied 7 NY3d 789 [2006]) exceeded $250 (Penal Law § 145.05[2]). Such costs "may not be established by hearsay" (Garcia, 29 AD3d at 263). The People relied on a nonexpert witness who was not the owner of the vehicle and did not pay for the repairs, but testified that he looked at a receipt and that the repair costs were $600 (see People [*2]v Butler, 123 AD2d 877 [2d Dept 1986]). The writing on which he based his testimony was hearsay (see e.g. People v Maisonette, 8 AD3d 158, 158-59 [1st Dept 2004], lv denied 3 NY3d 677 [2004]), and the People do not invoke any exception to the hearsay rule. In the absence of admissible evidence as to the repair costs for that vehicle, the People also failed to establish that the aggregate damage to all the vehicles exceeded $3,000, the minimum value for first-degree auto stripping (Penal Law § 165.11).
We have reviewed defendant's claims regarding the sufficiency and weight of the evidence and find them unavailing.
Defendant requests that count four be reduced to fourth-degree criminal mischief. However, given that no lesser included offense of count four was submitted to the jury, a new trial of such a reduced count would be barred by constitutional double jeopardy principles (see People v Owens, 227 AD2d 256 [1st Dept 1996], lv denied 88 NY2d 91 [1996], cert denied 520 US 1224 [1997]). No such constitutional impediment exists to a new trial on the reduced count of second-degree auto stripping, which was submitted to the jury as a lesser included offense of first-degree auto stripping, but was not reached by the jury because it convicted defendant of the greater count (see Matter of Suarez v Byrne, 10 NY3d 523, 525, 537-538 [2008]). Accordingly, we dismiss count four, but reduce the auto stripping count to second-degree auto stripping (Penal Law § 165.10).
Because we are ordering a new trial, we find it unnecessary to reach defendant's remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021