THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE APONTE, Appellant.

The defendant contends that the identification testimony at the trial should have been suppressed because the CPL 710.30 notice served by the People did not provide notice of all the identification testimony that the People intended to use at the trial *(see,* CPL 710.30). However, the defendant did not raise the issue at the *Wade* hearing, when the undercover officer fully testified with respect to the identification testimony which was later received in evidence at the trial, and the defendant failed to thereafter assert any protest at the trial based on the inadequacy of the statutory notice. Having failed to present this objection at a time when corrective action was

possible, the defendant has not preserved the matter for our review *(People v Rivera,* 53 NY2d 1005; *People v Clark,* 41 NY2d 612, 615-616, *cert denied* 434 US 864). In any event, the street viewings involved were not subject to CPL 710.30 notice requirements since they were not police-arranged identification procedures *(see, People v Gissendanner,* 48 NY2d 543, 552).

Our review of the uncontradicted *Wade* testimony establishes that after looking for the defendant for several months after the "buy", the undercover officer saw the defendant in the street and radioed his backup team, directing them to arrest the man he described to them. The undercover officer then watched from a distance as the defendant was arrested. Therefore, the station house viewing of the defendant by the undercover officer was not for the purpose of identification but was confirmatory in nature *(see, People v Morales,* 37 NY2d 262, 271, 272).

Under the circumstances, we conclude that the hearing court's finding that there was no suggestive or impermissible conduct by the police is supported by the record and that the undercover officer's testimony was proper.

We find that the defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.