*729 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
The People failed to notify defense counsel, within 15 days of arraignment, of their intention to use defendant’s oral statement as evidence, and they failed to demonstrate good cause for the delay in furnishing the required notice. Accordingly, that statement was not admissible against him at trial (see, CPL 710.30; People v O’Doherty, 70 NY2d 479; People v Boughton, 70 NY2d 854; People v McMullin, 70 NY2d 855).
The exception contained in CPL 710.30 (3) — where a defendant has "moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible” — is inapplicable here. Defense counsel did not make a motion for suppression of the oral statement on the ground that it was in substance inadmissible at trial; such a motion in effect would have afforded defendant the same opportunity for a court to pass upon the admissibility of the statement as he would have had if timely notice had been given. Rather, defense counsel moved only for preclusion of the oral statement on account of late notice, which does not fall within the exception contained in CPL 710.30 (3). Nor did defendant’s pro se motion fall within the exception, for it was never before the trial court for decision.
The error in admitting defendant’s oral statement cannot be viewed as harmless. That statement was the only one made by him establishing his prior connection to the burglarized premises, and it might well have contributed to the jury’s verdict. Indeed, after the case was submitted, the jury requested a read-back of that very testimony.
We need not reach the additional issues raised by defendant.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.