■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCKY DUFFY, Also Known as KIM DUFFY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered June 19, 1986, convicting him of grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that preclusion of the identification testimony by the arresting officers was not warranted on the ground that the People failed to give notice of this testimony pursuant to CPL 710.30 (1) (b). The record reveals that the officers identified the defendant in order to ensure that the correct person had been arrested (see, People v Morales, 37 NY2d 262, 271). Because the viewing by police was confirmatory, rather than a product of a police-arranged identification procedure, the People were not required to give notice of this prospective identification testimony under CPL 710.30 (1) (see, People v Gissendanner, 48 NY2d 543; People v Aponte, 140 AD2d 702).

The defendant's remaining contention is unpreserved for appellate review (see, People v Holzer, 52 NY2d 947) and, in any event, is devoid of merit. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.