THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KATOWSKI, Appellant. [611 NYS2d 907] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 24, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from an armed robbery of a jewelry store, in which he was the driver of the getaway car. After Donald Goldston, one of the proprietors of the jewelry store and a former police officer, observed the robber enter the beige car in which the defendant was seated and drive from the scene, Goldston commandeered a nearby ambulance and pursued the perpetrators. After a high speed chase, the defendant was apprehended by the police and identified by Goldston.

At the defendant's Criminal Court arraignment the following day, the People served the defendant with a Voluntary Disclosure Form (hereinafter VDF) containing notice of Goldston's identification pursuant to CPL 710.30 (1) (b). At the defendant's Supreme Court arraignment over one month later, the People served the defendant with another VDF, this one stating that there had been "no police arranged ID". Nearly one month later, the People served an "amended" VDF on the defendant, which was virtually identical to the one originally served, but specified that the identification procedure was a "show-up". Thereafter, in his omnibus motion, the defendant sought suppression of the identification disclosed in the People's "notice pursuant to CPL 710.30 (1) (b)" on the basis that it was "impermissibly suggestive".

After the *Wade* hearing almost 10 months later, the court ruled that the identification was not unduly suggestive, and rejected the defense argument that the identification should be suppressed because no identification of the defendant by

Goldston ever took place, as evidenced by the discrepancies between the first and second VDFs. Accordingly, the court denied suppression.

On appeal, the defendant asserts that testimony as to the identification should have been precluded because the People's final VDF was not timely served, and no good cause was shown for the delay (see, CPL 710.30 [2], [3]; *People v Boughton,* 70 NY2d 854; *People v O'Doherty,* 70 NY2d 479; *People v Hines,* 200 AD2d 634). Having failed to present this specific argument before the hearing court, however, the defendant did not preserve this claim for this Court's review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). Moreover, because the defendant moved to suppress the identification evidence, proceeded with the *Wade* hearing, and obtained a determination on the motion from the hearing court, the defendant has waived any claim that the court should have precluded this testimony based upon untimely service of the final VDF (see, CPL 710.30 [3]; *People v Amparo,* 73 NY2d 728).

The defendant also challenges the trial court's *Molineux* ruling, made after a hearing, that the People would be permitted to elicit testimony from the owner of the getaway car that her car had been stolen the day before the robbery. She would further testify that at the time, the front and rear license plates were identical; by contrast, when the vehicle was recovered contemporaneous with the defendant's arrest, the original license plate was on the front of the car, but a different license plate had been attached to the rear.

The trial court properly exercised its discretion in ruling that evidence of the stealing of the car and the changing of the license plate was probative of the defendant's "common scheme" to plan and escape from the robbery and to elude detection (see, *People v Ganci,* 27 NY2d 418, 429-430, *cert denied* 402 US 924). Moreover, the court carefully limited the testimony to be admitted, and thoroughly instructed the jury as to the purposes for which it was admitted, thereby limiting any potential prejudice (see, *People v Ventimiglia,* 52 NY2d 350, 359-360).

In view of the severity of the crime of which the defendant stands convicted and the defendant's extensive criminal history, the sentence imposed was appropriate, and we perceive of no basis upon which to substitute our discretion for that of the sentencing court (see, *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for our review or without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.