■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FANFAN, Appellant. [616 NYS2d 663] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered September 25, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the evening of October 4, 1990, undercover police officers employed by the Queens County Narcotics Unit were conducting a "buy and bust" operation at the corner of 111th Road and Springfield Boulevard. During the operation, the defendant sold an undercover officer a quantity of crack cocaine, a transaction that a second undercover officer observed. The purchasing officer promptly radioed a description of the defendant to a back-up team, but the defendant was not arrested at that time.

Over the next several weeks, the two undercover officers, and other officers, continued the operation at the same general location. At approximately 4:30 P.M. on October 23rd, both officers observed the defendant carrying a brown paper bag and immediately recognized him as the individual involved in the October 4th transaction. The back-up team was called again and on this occasion, the defendant was arrested after the officer who purchased the drugs on October 4th identified him at the scene. Upon his arrest, the police recovered the bag the defendant had been carrying, which contained a quantity of cocaine.

On appeal, the defendant contends that the hearing court should have precluded admission of the identification testimony of the two undercover officers at the trial because of the People's failure to give written notice in accordance with CPL 710.30 of their prior viewings of the defendant on October 23rd. We disagree.

None of the observations of the defendant by the undercover officers on October 23rd constituted identification procedures requiring written notice in accordance with CPL 710.30. The initial observations of the defendant on October 23rd occurred during an ongoing undercover operation, at which time they recognized him as the same individual involved in the prior transaction *(see, People v Peterson,* 194 AD2d 124, 129; *see also, People v Gissendanner,* 48 NY2d 543, 552). The subsequent confirmatory identification by the purchasing officer on the scene was to assure the back-up team that the right individual had been apprehended *(see, People v Wharton,* 74 NY2d 921; *People v Gissendanner, supra; People v Morales,* 37 NY2d 262; *People v Duffy,* 152 AD2d 704; *People v Aponte,* 140 AD2d 702; *cf., People v Mato,* 83 NY2d 406; *People v Newball,* 76 NY2d 587).

While the prosecutor's remarks and comments with respect to the Grand Jury testimony of certain of the People's witnesses exceeded the bounds of a proper summation, inasmuch as such comments amounted to improper bolstering *(see, People v Davis,* 44 NY2d 269; *People v Nicholson,* 168 AD2d 574; *see generally,* Richardson, Evidence § 519 [Prince 10th ed]) and did not relate to matters in evidence *(see, People v Ashwal,* 39 NY2d 105, 109), the error with respect to the remarks in question was harmless in light of the overwhelming identification evidence presented by the People *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions

and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.