■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. KING, Appellant. [633 NYS2d 505] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 6, 1994, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in denying his motion to suppress the identification testimony of the undercover officer who purchased narcotics from him on two separate occasions. Although more than one month elapsed between the sales and the defendant's arrest, the officer spontaneously identified the defendant on June 2, 1993, when he unexpectedly encountered the defendant walking along a street in the area where the drug transactions had occurred. Furthermore, the officer's viewing of the defendant on the following day to ensure that the proper person had been arrested was confirmatory in nature and did not taint his subsequent in-court identification (see, People v Morales, 37 NY2d 262; People v Fanfan, 207 AD2d 907; People v Lane, 185 AD2d 282; People v Knight, 156 AD2d 588).

The defendant's further assertion that the evidence was legally insufficient to establish his identity as the individual who sold the narcotics to the undercover officer is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light

most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's contention that the court's reasonable doubt charge improperly shifted the burden of proof from the prosecution to the defense is also unpreserved for appellate review *(see, People v Whilby,* 204 AD2d 370; *People v Burney,* 192 AD2d 543), and, in any event, without merit *(see, People v Antommarchi,* 80 NY2d 247; *People v Daniels,* 204 AD2d 865). Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.