■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD McKINNEY, Appellant. [742 NYS2d 888] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 16, 2001, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the showup identification of the defendant by the undercover police officer. Although four days elapsed between the drug sale and the arrest, the showup occurred minutes after the undercover officer spontaneously identified the defendant as he was standing on

a corner in the area where the sale had taken place. The showup was confirmatory in nature and did not taint the officer's in court identification of the defendant (*see People v Hewitt,* 267 AD2d 326; *People v King,* 221 AD2d 370).

The defendant's contention that the evidence was legally insufficient to establish his identity as the person who sold the drugs to the undercover officer is unpreserved for appellate review (*see People v Williams,* 247 AD2d 416). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.