John KATOWSKI, Petitioner,

v.

Charles GREINER, the Superintendent of the Sing–Sing Correctional Facility, Respondent.

No. 97–CV–1999.

United States District Court, E.D. New York.

July 24, 2002.

John Katowski, Romulus, New York, petitioner pro se.

Charles J. Hynes, District Attorney, Kings County, Brooklyn, New York, by Caroline R. Donhauser, for respondent.

### ORDER

GERSHON, District Judge.

John Katowski, who brings this 28 U.S.C. § 2254 petition *pro se*, was convicted on March 24, 1992, after a jury trial in New York State Supreme Court, Kings County (Juviler, J.), of one count of Robbery in the First Degree, in violation of N.Y.Penal Law § 160.15[2]. Justice Juviler sentenced him as a second felony offender to a prison term of twelve and one-half to twenty-five years. Through counsel, Katowski appealed his judgment of conviction to the Appellate Division, Second Department, raising five grounds: (1) that the identification notice given was insufficient; (2) that he was denied effective assistance of trial counsel; (3) that the trial court's conduct denied him a fair trial; (4) that the trial court's *Molineux* ruling was unduly prejudicial to his defense; and (5) that his sentence was excessive. On May 9, 1994, the Appellate Division affirmed the conviction. *People v. Katowski*, 204 A.D.2d 486, 611 N.Y.S.2d 907 (2d Dep't 1994). The New York Court of Appeals denied leave to appeal on September 23, 1994. *People v. Katowski*, 84 N.Y.2d 869, 618 N.Y.S.2d 14, 642 N.E.2d 333 (1994) (Titone, J.).

In his original petition, Katowski raised the same grounds that he raised before the Appellate Division. On February 3, 1998, I dismissed the petition as untimely, but the Second Circuit vacated the judgment on January 13, 1999, in light of its decision in *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998), and remanded the case for further proceedings. By papers dated October 21, 1999, Katowski moved in Kings County Supreme Court to vacate his conviction pursuant to N.Y. Criminal Procedure Law ("CPL") § 440.10, raising three claims: (1) that the People had failed to notify defense counsel of the release of the stolen car used in the robbery, in violation of N.Y. Penal Law § 450.10 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (2) that the People violated his right to due process by knowingly eliciting false testimony from several prosecution witnesses at trial; and (3) that the evidence at trial was legally insufficient to convict him, in violation of due process. At Katowski's request, on November 9, 1999, I ordered his petition held in abeyance pending his exhaustion of state remedies and granted him permission to amend his habeas corpus petition to add the new claims.

On January 7, 2000, Justice Juviler denied Katowski's Section 440.10 motion, concluding that all three of his claims were procedurally barred from review. On March 22, 2000, the Appellate Division denied petitioner's application for leave to appeal. By papers dated June 15, 2000, Katowski amended this petition by adding the three claims advanced in his Section 440.10 motion.

## FACTS

At about 2:30 p.m. on September 19, 1990, Myron Jaworsky entered the Bay Ridge Gold and Silver store, located at 7105 Third Avenue in Brooklyn, displayed a gun, and ordered Veronica Goldston to place a large quantity of jewelry into a plastic bag. Jaworsky then fled with the bag of jewelry and got into the passenger side of a beige-colored Chevrolet, which was double-parked about one hundred yards away from the store. Donald Goldston, Veronica's husband and co-owner of the jewelry store with her and their daughter, looked on as the car pulled away from the curb. Mr. Goldston had been next door at the time of the robbery, but when his wife and daughter told him of the theft and pointed to Jaworsky getting into the car, he followed the car in an ambulance whose driver and passenger agreed to help pursue the robber. After a high-speed chase, Katowski was captured by the police on foot and identified by Donald Goldston as the driver of the "getaway" car. It was later found that the car had been stolen a day earlier from Marie Gapp.

## DISCUSSION

### 1. Identification

■ Katowski's petition argues, without elaboration, that the "identification Notice [*i.e.*, the notice sent to his trial counsel regarding his identification by Donald Goldston] was insufficient in that notice was given of a non-police arranged identification, when, in fact, the identification was police arranged." Aside from the fact that Katowski does not explain how this alleged defect violates the Constitution or federal law, the claim is procedurally barred. Federal habeas corpus review of a state conviction is prohibited if a state court judgment is based on an independent and adequate state ground, *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), such as a state procedural bar rule.

In this case, Katowski challenged Goldston's identification in the Appellate Division on the same ground as he does here, except that he fleshed out the argument to clarify that the basis of his challenge was that the amended identification notice, which had been corrected to state that the identification was police-arranged, was not timely served on defense counsel. The Appellate Division rejected the claim on two procedural grounds. First, it stated, "Having failed to present this specific argument before the hearing court, however, the defendant did not preserve this claim for this court's review (*see,* CPL 470.05[2]; *People v. Udzinski,* 146 A.D.2d 245, 541 N.Y.S.2d 9).". *Katowski,* 204 A.D.2d at 487, 611 N.Y.S.2d 907. Second, the court stated, "because the defendant moved to suppress the identification evidence, proceeded with the *Wade* hearing, and obtained a determination on the motion from the hearing court, the defendant has waived any claim that the court should have precluded this testimony based upon untimely service of the final VDF [voluntary disclosure form regarding the police-arranged identification] (*see,* CPL 710.30[3]; *People v. Amparo,* 73 N.Y.2d 728, 535 N.Y.S.2d 588, 532 N.E.2d 94)." *Id.* The Appellate Division therefore clearly stated that it was relying on two state procedural bars, each of which was independent of federal law and adequate to support the judgment. *Cf. Jones v. Stinson,* 229 F.3d 112, 118–19 (2d Cir.2000). Since Katowski has made no showing either of cause for his procedural default and prejudice, or that failure to consider his claims would result in a fundamental miscarriage of justice, his identification claim is procedurally barred from habeas corpus review. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

### 2. Ineffective Assistance of Counsel

■ Katowski argues that the cumulative effect of his trial counsel's alleged

errors deprived him of effective assistance of counsel. Petitioner identifies these errors as (1) counsel's failure to seek preclusion of Goldston's identification on grounds of the untimeliness of notification; (2) counsel's failure to object to testimony regarding a license plate from the getaway car that had never been produced; (3) counsel's failure to call Katowski's mother as a witness to testify as to defendant's lack of knowledge regarding the crime; and (4) counsel's failure adequately to limit the prejudice to defendant of Marie Gapp's testimony, allegedly caused because Gapp testified that the man who stole her car obtained her car keys by stealing her purse, and that the theft took place at a cemetery.

On direct appeal, the Appellate Division specifically considered three of Katowski's five claims on appeal, but did not specifically address either petitioner's ineffective assistance claim or his claim regarding the trial court's alleged misconduct. Instead, at the conclusion of its decision, the Appellate Division stated, "The defendant's remaining contentions are either unpreserved for our review or without merit." *Katowski*, 204 A.D.2d at 487–88, 611 N.Y.S.2d 907. Because petitioner's ineffective assistance claim could not have been subject to a preservation requirement, there is no procedural bar and the claim was clearly addressed on the merits.

■ A state court's conclusion that a claim is "without merit" constitutes an "adjudicat[ion] on the merits" that triggers deference under 28 U.S.C. § 2254(d). *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001). Therefore, Katowski is not entitled to relief on his ineffective assistance claim unless he can demonstrate that the Appellate Division's rejection of his claim was contrary to, or involved an unreasonable application of, clearly established federal law.

Establishing ineffective assistance of counsel requires showing both that trial counsel's performance fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Katowski has not met this burden.

■ First, trial counsel's failure to seek preclusion of the identification as untimely was not unreasonable, because defense counsel was given timely notice that some sort of identification of petitioner took place; the only delay was in informing the defense that the identification was police-arranged. The delay could not have prejudiced the defense, since Katowski himself knew the identification was police-arranged, and the record indicates that the delay in notification was caused by an inadvertent prosecutorial error, so it would not have been unreasonable to conclude that an attempt at preclusion would be futile.

■ Katowski also cannot show that counsel's handling of the license plate testimony was unconstitutionally deficient. Testimony at trial indicated that the getaway car had non-matching license plates, but that the police had failed to retain the rear license plate, which did not belong to the vehicle. Katowski argues that defense counsel "should have made an in limine motion to preclude any testimony about this license plate on the ground that counsel was not able to examine the license plate or even verify its existence." As Katowski admits, however, his lawyer did elicit from a police witness that she failed to follow proper procedure by not vouchering the non-conforming license plate. And Katowski provides no authority for the argument that testimony about the license plate was inadmissible. I therefore cannot

conclude that counsel's conduct fell below a professional level or that, if it did, petitioner was prejudiced.

■ Katowski then contends that his counsel unconstitutionally erred in deciding not to call his mother as a witness. Petitioner states his mother would have testified that Jaworsky came to the Katowski residence 40 minutes before the robbery and offered petitioner $20 to double-park the car while Jaworsky engaged in some unspecified business. Katowski asserts that this testimony would have established his lack of knowledge that Jaworsky intended to rob the jewelry store. At his sentencing Katowski complained that his counsel "never called the witness [petitioner's mother] to the stand that would have been in my behalf and that I think would have cleared a lot of discrepancies in the case."

When asked by the trial judge why he had not called Katowski's mother as a witness, Katowski's lawyer explained that he had made the decision because he believed the testimony would have been inadmissible hearsay; felt that the judge and jury would have discounted the testimony because of the witness's personal relationship to petitioner; his strategy was to focus on inconsistencies in the testimony of the prosecution's witnesses rather than on the relationship between Katowski and Jaworsky, the actual gunman; and because he feared "opening the door" to evidence that Jaworsky had implicated petitioner at his own proceedings.

Justice Juviler then observed, "what John Katowski says his mother would have said would have provided the link between the armed robber and the getaway driver that was missing from the People's case, except circumstantially." He also concluded that defense counsel "is right that the jury, being sensible people, would have disbelieved the exculpatory portion of that testimony. And they would have received

from the inside, so to speak, the plan." He therefore concluded, "I credit [defense counsel] for not making the tactical error of putting the defendant's mother on."

Justice Juviler's conclusions are neither factually unreasonable nor inconsistent with federal law. Indeed, I would reach the same conclusions even without applying Section 2254(d) deference. "[A]ctions or omissions by counsel that might be considered sound trial strategy," such as those of Katowski's trial counsel, do not constitute ineffective assistance; "counsel's decision as to whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir.2000) (citations and internal quotation marks omitted). I therefore reject Katowski's ineffective assistance claim based on his mother's not testifying.

■ Finally, defense counsel's handling of the Gapp testimony was not unreasonable. Counsel strongly objected to the admission of the testimony in the first place, and, having failed in that effort, objected more than once to portions of Gapp's testimony. In addition, it is unlikely that any deficiency on defense counsel's part would have affected the impact of Gapp's testimony on the jury, because the trial judge gave several limiting instructions regarding the testimony and twice instructed the jury that there was no evidence that Katowski or Jaworsky had anything to do with the car theft. The trial judge was also careful to strike from the record any testimony by Gapp that he believed irrelevant or prejudicial.

■ In sum, Katowski has failed to demonstrate that his trial counsel's acts and omissions, either individually or cumulatively, rose to the level of ineffective assistance. Thus, the Appellate Division properly rejected petitioner's ineffective

assistance claims, and I would reach the same result even without deferring to the state court pursuant to Section 2254(d).

### 3. Trial Court's Conduct

Katowski also argues that he was denied his right to due process in the conduct of his trial by the cumulative effect of the trial court's allegedly prejudicial comments and rulings. Reasserting his arguments on direct appeal, petitioner claims that the trial court compromised his right to a fair trial by (1) making disparaging comments regarding petitioner; (2) making similar comments regarding defense counsel; and (3) precluding defense counsel's allegedly legitimate questioning of certain witnesses. Petitioner also adds additional factual allegations for the first time in this petition: that the trial judge (1) "should have recused himself sua sponte"; (2) undermined petitioner's defense by permitting Jaworsky to accept a plea agreement "wherein he was forced to implicate this Petitioner"; and (3) intentionally hindered petitioner's defense by commenting sarcastically regarding an objection by defense counsel.

 This claim is procedurally barred to the extent that it rests on the factual allegations Katowski raises for the first time in his petition. New York law would preclude petitioner from raising those allegations in state court now, because he could have raised them on direct appeal but failed to do so. CPL § 440.10(2)(c). Therefore, the claim is also barred from habeas corpus review. *Aparicio v. Artuz,* 269 F.3d 78, 91 (2d Cir.2001).

 In any event, all of Katowski's claims of judicial misconduct lack merit. To prevail on a claim of judicial misconduct, a prisoner must show that the state trial judge's conduct was so fundamentally unfair as to deprive him of his Fourteenth Amendment right to due process. *Gayle v. Scully,* 779 F.2d 802, 803, 805 (2d Cir. 1985). "A petitioner claiming that a

judge's bias deprived him of a fair trial faces a difficult task," and "a federal court will not lightly intervene when such a claim is asserted." *Id.* at 806. Katowski cannot satisfy these standards. While the record reveals some impatient comments by the trial judge, these occurred during pretrial proceedings and the trial comments were minor and did not render petitioner's trial fundamentally unfair. Nor did any of the evidentiary rulings petitioner challenges rise to the level of a due process violation.

### 4. *Molineux* Ruling

As an additional ground for relief, Katowski argues that the trial court "erred in admitting testimony and physical evidence of uncharged crimes," in violation of New York law under *People v. Molineux,* 168 N.Y. 264, 61 N.E. 286 (1901). On direct appeal, Katowski challenged only the trial court's admission of Marie Gapp's testimony. Gapp testified that her car had been stolen the day before the robbery. She also testified that, before the theft, her car had front and rear license plates that were identical. The testimony of a later witness established that, when the car was recovered after the robbery and Katowski's arrest, the original license plate was on the front of the car but a different license plate had been attached to the rear.

Katowski's initial petition to this court presented additional factual allegations in support of his *Molineux* claim: (1) that his counsel specifically requested production of the rear license plate in his pre-trial omnibus motion; (2) that the rear license plate was not vouchered, photographed, or produced at trial; (3) that, in contravention of N.Y. Penal Law § 450.10, the front and rear license plates and vehicle were not produced for inspection before being returned to their owner; (4) that "testimonial evidence regarding the license plates

was introduced as evidence of intent arising out of the commission of an uncharged crime"; and (5) that the prosecutor relied on the "issue of the 'switched plates'" in his opening statement, during trial, and in his closing statement. Katowski later raised the same allegations in one of his Section 440.10 claims, which became a separate part of this petition through amendment.

As for petitioner's challenge to the admission of Gapp's testimony, Katowski merely claims that the trial court erred as a matter of state law in admitting the testimony, not that its ruling violated federal law or the federal constitution. Therefore, he is precluded from gaining habeas corpus relief on this claim.

This result would not change even if I construed Katowski's petition as alleging that admission of the contested testimony violated federal due process norms. If I did so, I would find that petitioner had exhausted the claim, since, like state law, federal law prohibits admitting evidence of an uncharged crime to prove a defendant's character or propensity toward crime, *see Davis v. Senkowski*, No. 97–CV–2328, 1998 WL 812653, at *7 (E.D.N.Y. Aug.6, 1998), and such an admission could violate federal due process "if the evidence in question was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it," *Johnson v. Ross*, 955 F.2d 178, 181 (2d Cir.1992) (citation and internal quotation marks omitted). *See Daye v. Attorney General*, 696 F.2d 186, 193 (2d Cir.1982) (claim exhausted if defendant claims deprivation of particular right specifically protected by Constitution).

On direct appeal, the Appellate Division concluded that the "trial court properly exercised its discretion in ruling that evidence of the stealing of the car and the changing of the license plate was pro-

bative of the defendant's 'common scheme' to plan and escape from the robbery and to elude detection." *Katowski*, 204 A.D.2d at 487, 611 N.Y.S.2d 907. The Appellate Division further concluded that the trial court "carefully limited the testimony to be admitted, and thoroughly instructed the jury as to the purposes for which it was admitted, thereby limiting any potential prejudice." *Id.* Since the Appellate Division's decision was clearly an adjudication on the merits, *see Sellan*, 261 F.3d at 312, it cannot be overturned on habeas corpus review unless it was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the state record. 28 U.S.C. § 2254(d). Since petitioner has failed to demonstrate that the Appellate Division erred in this fashion, his *Molineux* claim is rejected. Insofar as petitioner's allegations are more properly treated as raising ineffective assistance of counsel or *Brady v. Maryland* claims, they are addressed in those sections.

### 5. Excessive and Retaliatory Sentence Claim

Katowski alleges that, because he received the maximum penalty for his crime and Jaworsky, who pled guilty, received a shorter sentence, his sentence is excessive and was imposed as punishment for exercising his right to trial by jury. As evidence that his sentence was impermissibly retaliatory, petitioner points to a proposed plea agreement he was offered before trial that contemplated a three and a half to seven year sentence, much shorter than the sentence that he ultimately received. These facts do not establish any impropriety in the sentence. And it is undisputed that the sentence of twelve and one-half to twenty-five years for commission of Robbery in the First Degree by a second felony offender is within the range

prescribed by state law. *See* N.Y.Penal Law § 160.15; N.Y.Sent. Chart §§ 70.06–3(b), 70.06–4(b). Therefore, petitioner's excessive sentence claim does not present a federal constitutional issue subject to habeas corpus review. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992).

Furthermore, Katowski presented the argument that his sentence was both excessive and retaliatory to the Appellate Division on direct appeal, and that court concluded that, "[i]n view of the severity of the crime of which the defendant stands convicted and the defendant's extensive criminal history, the sentence imposed was appropriate, and we perceive of no basis upon which to substitute our discretion for that of the sentencing court." *Katowski,* 204 A.D.2d at 487, 611 N.Y.S.2d 907. I cannot conclude that the Appellate Division's determination was either contrary to or an unreasonable application of clearly established federal law; petitioner's challenge to his sentence is therefore denied.

### 6. Release of Evidence

■ In his N.Y.CPL § 440.10 motion, which is incorporated as an amendment to his petition, Katowski claims that, before trial, the People failed to notify his counsel of the impending release of the stolen car he allegedly drove following the jewelry store robbery, and that this failure violated his rights under N.Y.Penal Law § 450.10 and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He also claims that he is entitled to a new trial based on newly discovered evidence in that, after his conviction, he learned from the getaway car's manufacturer that the car's rear license plate would have been attached to its bumper as opposed to its frame. This evidence, he alleges, proves that a key witness at his trial testified falsely.

The trial judge rejected these claims on Section 440.10 review, clearly and expressly stating that the release of evidence claim was barred by Section 440.10(2)(c) because it could have been raised on direct appeal, and that the newly discovered evidence claim was barred by Section 440.10(3)(a), because the factual information obtained from the car manufacturer could have been adduced at trial but was not. Because these are independent and adequate state grounds, and Katowski has not met the cause and prejudice, or miscarriage of justice requirements necessary to overcome procedural bar, I cannot reach the merits of this claim.

■ Justice Juviler also concluded that Katowski was not entitled to relief on the car manufacturer claim because the evidence was neither "newly discovered" nor material. This alternative ruling on the merits does not preclude procedural bar on the claim; "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Glenn v. Bartlett,* 98 F.3d 721, 724 (2d Cir.1996) (quoting *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990)).

### 7. False Testimony Claim

■ Katowski also claims that three of the prosecution witnesses at his trial testified falsely without correction from the prosecutor, and that the prosecutor presented other false and misleading evidence. In considering this claim, however, Justice Juviler held that Katowski "is procedurally barred from raising this issue as part of a motion to vacate judgment because he failed to raise this issue upon his direct appeal (CPL 440.10[2][c] ). Furthermore, even if the defendant could get past the procedural barrier of CPL 440.10(2)(c), his motion would be summarily denied, pursuant to CPL 440.30(4)(b),

because his moving papers do not contain sworn allegations of fact tending to substantiate that a fraud or misrepresentation occurred." Justice Juviler therefore clearly and explicitly stated that he was rejecting Katowski's claim based on a state procedural bar, independent of federal law and adequate to support his determination of the claim. Because petitioner has not shown cause and prejudice, or that failure to consider this claim would result in a fundamental miscarriage of justice, the claim is barred from habeas corpus review. In any case, petitioner's claims that the testimony was false remain unsupported other than by petitioner's assertions.

### 8. Sufficiency of the Evidence

In his final claim, Katowski argues that the evidence was legally insufficient to support his conviction of first-degree robbery in violation of due process. On Section 440.10 review, Justice Juviler concluded that, to the extent that the Appellate Division had already determined on direct review that this claim lacked merit, the claim had to be rejected under the procedural bar of N.Y.CPL § 440.10(2)(a), which precludes Section 440.10 relief when the ground raised was previously determined on its merits on direct appeal. Justice Juviler further concluded that, to the extent Katowski had not raised the claim on direct appeal, review was precluded by the procedural bar of N.Y.CPL § 440.10(2)(c), which bars review of claims that could have been raised on direct appeal. Because Justice Juviler clearly and expressly rejected this claim on independent and adequate state grounds, and Katowski has failed to meet the requirements for being excused from this procedural default, I cannot review the claim here. In any event, the evidence was clearly sufficient to prove all elements of the crime including guilty knowledge.

### CONCLUSION

For the foregoing reasons, Katowski's petition for habeas corpus is denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is also denied.

**SO ORDERED.**