■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORENO, Appellant. [48 NYS3d 721]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gugerty, J.), rendered July 15, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of

motion, of the suppression of identification testimony and the defendant's statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's arrest was supported by probable cause. The totality of the circumstances would have led a reasonable person possessing the same expertise as the investigating officers to conclude that the defendant stabbed the victim (see *People v Brown*, 256 AD2d 414, 415 [1998]). Under the fellow officer rule, the arresting officer in this case, who had no personal knowledge to establish probable cause, lawfully arrested the defendant, as he was acting upon the direction of an officer in possession of information sufficient to constitute probable cause for the arrest (see *People v Ketcham*, 93 NY2d 416, 419 [1999]).

The defendant's statement to law enforcement officials was admissible at trial. Contrary to the defendant's contention, the detailed statement that he gave in English demonstrated that he had a sufficient command of the English language to participate in the questioning in English (see *People v Madrid*, 52 AD3d 530, 531 [2008]; cf. *People v Alexandre*, 215 AD2d 488, 488 [1995]; *People v Acuna*, 145 AD2d 427, 429-430 [1988]).

The defendant's argument that he did not receive notice of police interactions with two witnesses as required by CPL 710.30 is not preserved for appellate review, as the defendant did not move to preclude identification testimony based on the lack of notice (see *People v Nunez*, 55 AD3d 756, 757 [2008]; *People v Goodwine*, 46 AD3d 702, 703 [2007]; *People v Katowski*, 204 AD2d 486, 487 [1994]; *People v Aponte*, 140 AD2d 702, 702-703 [1988]). In any event, the defendant was not entitled to CPL 710.30 notice of these interactions, as they were not identification procedures as defined by that statute (see CPL 710.30 [1] [b]). Specifically, the witness who viewed a surveillance video with the police had not previously observed the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case (see *id.*; *People v Peterson*, 194 AD2d 124, 128 [1993]), and the witness who viewed still photographs of the defendant with the police did not identify the defendant in those photographs (see CPL 710.30 [1] [b]; *People v Trammel*, 84 NY2d 584, 588 [1994]; *People v Goodwine*, 46 AD3d at 703; *People v Peterson*, 194 AD2d at 128).

The defendant's arguments that the postarrest photo arrays were unduly suggestive are without merit. Any possible taint from the witnesses' prior interactions with the police dissipated with the passage of time between the witnesses' viewing of the

surveillance video and still photographs, respectively, and their subsequent participation in the photo array identification procedures (*see People v Choi*, 137 AD3d 808, 808 [2016]; *People v Jones*, 283 AD2d 657, 657 [2001]; *People v Allah*, 158 AD2d 605, 605-606 [1990]).

The defendant failed to preserve for appellate review his contention regarding the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.