The People of the State of New York, Appellant,
against
Sonya Goldberg, Respondent.




Nassau County District Attorney (Yael V. Levy and Jared A. Chester of counsel), for appellant.
Lavallee Law Offices, PLLC, (Ryan L. Brownyard of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Helen Voutsinas, J.), dated November 15, 2016. The order, after a hearing, granted the branch of defendant's motion seeking to suppress defendant's statements and physical evidence on the ground that the initial traffic stop was without probable cause.




ORDERED that the order is reversed, on the law, the branch of defendant's motion seeking to suppress defendant's statements and physical evidence on the ground that the initial traffic stop was without probable cause is denied and the matter is remitted to the District Court for a determination of the remaining branches of defendant's motion. 
On September 11, 2015, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and speeding (Vehicle and Traffic Law § 1180 [d]). Defendant moved to suppress statements and physical evidence, and after a hearing, the District Court granted the motion on the ground that the initial traffic stop, for speeding, was without probable cause. The People appeal and we reverse.
A traffic stop is permitted when an officer " 'has probable cause to believe that the driver of an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v Robinson, 97 NY2d 341, 349 [2001]). Probable cause does not require [*2]"the same quantum of proof necessary [even] to . . . establish a prima facie case. . . . Rather, it need merely appear more probable than not that a crime has taken place and that the one arrested is its perpetrator" (People v Wright, 8 AD3d 304, 307 [2004] [internal quotation marks omitted]; see also CPL 70.10 [2]; People v Williams, 127 AD3d 1114, 1116 [2015]; People v Maher, 52 Misc 3d 136[A], 2016 NY Slip Op 51043[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Probable cause is established where "the existence of facts and circumstances . . . viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the defendant committed or is committing that offense" (People v Brown, 256 AD2d 414, 415 [1998]; see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Moreno, 148 AD3d 827, 828 [2017]; People v Gingras, 22 Misc 3d 22, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
At the hearing, a police officer with 19 years' experience, who had made over 2,000 arrests for driving while intoxicated or impaired, testified that, after he had observed defendant's vehicle traveling in excess of the posted 30 miles per hour speed limit, he had paced defendant's vehicle for a quarter of a mile at a constant distance while maintaining a speed of about 45 miles per hour as confirmed by his speedometer. Both vehicles passed a 30 miles per hour speed sign and a roadside radar speed device which recorded their passage at 45 miles per hour. The officer's visual estimate confirmed that speed. The District Court did not find the officer to lack credibility; rather, the court concluded that, as a matter of law, the facts did not support the conclusion that the officer had probable cause to stop defendant for speeding.
While the officer did not describe his training to estimate speeds and the margin of error within which his expertise lay, an experienced patrol officer may competently estimate that an automobile traveled 15 miles per hour above a posted speed limit, particularly where, as here, the speed was 50 percent over the legal limit (see People v Heyser, 2 NY2d 390, 393-394 [1957]; cf. People v Olsen, 22 NY2d 230, 231-232 [1968] [speed testimony admissible "provided that the witness who testifies first shows some experience in observing the rate of speed of moving objects or some other satisfactory reason or basis for his [or her] opinion," particularly where the observed speed is 20-25 miles per hour above the limit in a 30 miles per hour speed zone]). Although calibration proof is not necessary where the speeding proof is based on a pacing "well above the local speed limit" in the estimation of an experienced police officer (People v Graziano, 19 Misc 3d 133[A], 2008 NY Slip Op 50692[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), evidence of an uncalibrated speedometer reading is of some probative worth. Thus, the officer's testimony as to the manner in which he paced defendant, maintaining a constant distance behind defendant's vehicle for a quarter of a mile (see id.) while monitoring that constant speed by a speedometer (which pace was, at one point, confirmed by an independent, if also uncalibrated, roadside speed device) and by his own estimation sufficed, for "a reasonable person possessing the same expertise as the arresting officer," to conclude that it was more probable than not that defendant was speeding (see e.g. People v White, 40 AD3d 535 [2007]; People v Newcomb,58 Misc 3d 153[A], 2018 NY Slip Op 50145[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Freeman, 37 Misc 3d 142[A], 2012 NY Slip Op 52281[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Accordingly, the order is reversed, the branch of defendant's motion seeking to suppress defendant's statements and physical evidence on the ground that the initial traffic stop was [*3]without probable cause is denied and the matter is remitted to the District Court for a determination of the remaining branches of defendant's motion.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018